UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SEAN PATRICK BURR,                                            Case No. 3:22-cv-00563-AA

        Plaintiff,                                                  ORDER

    v.

STATE OF OREGON,

        Defendant.

_____

AIKEN, District Judge.

      Plaintiff, an inmate at the Multnomah County Inverness Jail, files this action pursuant to 42 U.S.C. § 1983 and seeks compensation for an allegedly wrongful incarceration. Plaintiff's Complaint is deficient in several respects and his claims are dismissed. Plaintiff is afforded the opportunity to file an Amended Complaint if he wishes to proceed with this action.

      This Court must dismiss an action filed by a prisoner seeking redress from a governmental entity or officer, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

1 - ORDER

Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Plaintiff does not allege facts plausibly suggesting that a public official acting under the color of state law violated his federal constitutional rights.

Plaintiff does not bring suit against a particular person and names the State of Oregon as the only defendant. However, the State of Oregon is not a "person" for purposes of § 1983, and the State is also immune from suit in federal court. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Further, plaintiff does not allege that a specific defendant's conduct violated his federal constitutional rights. Plaintiff is advised that liability under § 1983 arises upon a showing of personal participation, and plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, it appears that plaintiff seeks damages arising from an allegedly unconstitutional conviction or term of imprisonment. Before plaintiff may bring a § 1983 claim on such grounds,

2 - ORDER

he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). A claim for damages based on a conviction or sentence "that has not been so invalidated is not cognizable under § 1983." *Id*. at 48. Plaintiff does not indicate whether the challenged conviction or sentence has been invalidated; if not, plaintiff may not bring a § 1983 claim.

Plaintiff is afforded the opportunity to amend his Complaint. His amended complaint must include: (1) the constitutional right plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct. Further, if plaintiff's claim arises from an allegedly unconstitutional conviction or sentence, plaintiff must indicate whether the conviction or sentence has been invalidated.

## CONCLUSION

Plaintiff's claims are DISMISSED for failure to state a claim. Within thirty days from the date of this Order, plaintiff may file an Amended Complaint curing the deficiencies noted above. Plaintiff is advised that the failure to do so will result in dismissal of this action.

IT IS SO ORDERED.

DATED this  25th  day of April, 2022.

        /s/Ann Aiken
        Ann Aiken
United States District Judge

3 - ORDER