UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

SEAN PATRICK BURR,            Case No. 3:22-cv-00563-AA

        Plaintiff,            ORDER

   v.

STATE OF OREGON,

        Defendant.
_____

AIKEN, District Judge.

       Plaintiff, an inmate at the Multnomah County Inverness Jail, files this action pursuant to 42 U.S.C. § 1983 and seeks compensation for his allegedly wrongful incarceration arising from a burglary conviction. Plaintiff's Complaint was deficient in several respects and he was afforded the opportunity to amend his allegations. Plaintiff's response to the Court's Order fails to cure the deficiencies of his Complaint and further amendment would be futile.

       Plaintiff was advised that liability under § 1983 arises upon a showing of personal participation, and that plaintiff must allege that each named defendant, through his or her own

1 - ORDER

individual actions, violated plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff's response does not name the person who allegedly violated his constitutional rights or explain how the action or inaction of any specific individual caused the violation of his rights. Plaintiff states only that he was "wrongfully arrested," a "polygraph was handled unprofessionally," and the victim of the burglary "retracted their statement." Pl.'s Response at 1. Plaintiff does not allege who wrongfully arrested him or why his arrest was wrongful, and an "unprofessionally" administered polygraph examination does not state a violation of his constitutional rights.

Moreover, plaintiff was advised that before he may purse § 1983 claims arising from his unlawful incarceration, he "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). Plaintiff does not allege facts or submit evidence establishing the invalidation of his burglary conviction, and a claim for damages based on a conviction or sentence "that has *not* been so invalidated is not cognizable under § 1983." *Id*. at 487. Accordingly, further amendment would be futile.

## CONCLUSION

Plaintiff's § 1983 claim for damages is barred by *Heck*, and this action is DISMISSED without prejudice.

IT IS SO ORDERED.

DATED this  17th  day of June, 2022.

                                               /s/Ann Aiken
                                                  Ann Aiken
                                      United States District Judge

2 - ORDER